**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALFRED PITTMAN,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY MACOMBER, et al.,<br><br>Defendants. | Case No. 1:26-cv-03294 JLT SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING COMPLAINT<br><br>(Doc. 12) |

Alfred Pittman is incarcerated and proceeding pro se in this action. He asserts several federal civil rights claims against a number of officials in the California Department of Corrections and Rehabilitation, including the Secretary, an acting warden, an associate warden, and an accounting administrator. The matter was referred to the assigned magistrate judge, who has screened Pittman's complaint under 28 U.S.C. § 1915A(a). (Doc. 12.) The magistrate judge recommends dismissing the complaint without leave to amend. The magistrate judge's Findings and Recommendations were served on Mr. Pittman, and he filed objections. (Doc. 13.) In broad strokes, he argues that the magistrate judge has misunderstood his allegations and legal theories. This Court has accordingly reviewed the matter de novo, *see* 28 U.S.C. § 636(b)(1), and agrees with the magistrate judge that the complaint does not state a claim on which relief can be granted.

The complaint includes three claims. The first is based on Mr. Pittman's allegation that he is being "unlawfully detained" in the state prison on an "abstract of judgment proven to be fraud."

(Doc. 1 at 3.) He does not offer any information that might make this claim plausible. For example, he does not say who proved that the abstract of judgment is fraudulent or what is false or misleading about it. His prison grievance forms are similar. (*See, e.g.*, *id.* at 5.) The Supreme Court has said that "labels and conclusions" like these do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The second claim is based on Mr. Pittman's allegation that the defendants are secretly embezzling money and placing hidden obligations on his trust account. (Doc. 1 at 14.) He charges them with "creating private account[s] in [his] trust under unclaimed trust funds" and stealing money "via fraudulent sales invoices by placing secret obligations on trust accounts unclaimed trust funds." (*Id.*) In a prison grievance form he attached to his complaint, he wrote similarly that the defendants have refused to "complete said order upon payment to the alleged beneficiary to fraudulently create obligations upon title judgment debtor Alfred Pittman," among other things. (*Id.* at 16.) The unusual language in these allegations makes it impossible to understand the legal theory behind them. In the words of Rule 8, the complaint is not a "plain" statement of his claims. Fed. R. Civ. P. 8(a)(2). And like the allegations in his first claim, the allegations in the second are too generic. Mr. Pittman makes the same broad statements about all of the defendants. Referring again to the words in Rule 8, his complaint falls short of "showing" that he is "entitled to relief." *Id.*

Finally, in Mr. Pittman's third claim, he appears to contend that the defendants have refused his requests for specific documentation showing that he has satisfied his restitution obligations. (*See* Doc. 1 at 23, 25.) Again, he uses terminology that makes his allegations and legal theories difficult to understand. He alleges that he "requested the termination of said trust in pursuit of a settling account of the trust estate upon satisfaction/fulfillment of obligation debt"; the defendants "stipulated said trust terminated as effective July 29, 2025, although [they] have yet to run an accounting." (*Id.* at 23.) And again, his complaint lacks factual support. He does not explain what actions by which defendants violated which constitutional provisions.

The magistrate judge recommends dismissing the complaint without leave to amend because Mr. Pittman cannot state a claim as a matter of law. (Doc. 12 at 7.) The Findings and

Recommendations include a thorough discussion of relevant provisions of California law, federal cases on restitution remedies, and constitutional protections of prisoners' private property. (Doc. 12 at 3–7.) Mr. Pittman does not take issue with the magistrate judge's legal analysis. He contends instead that the magistrate judge has misinterpreted his complaint. (*See e.g.*, Doc. 13 at 4.)

After reviewing those objections, this Court cannot conceive of any viable claim that Mr. Pittman could assert under 42 U.S.C. § 1983, largely for the reasons in the Findings and Recommendations. More fundamentally, however, Mr. Pittman's objections continue the trend of generic claims and puzzling allegations that began in his prison grievances. That is true even though the magistrate judge stated clearly in the Findings and Recommendations that "threadbare recitals," "conclusory statements," and undifferentiated assertions of wrongdoing would not do. (Doc. 12 at 2 (quoting *Ashcroft*, 556 U.S. at 678 and citing *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)).) In short, the record demonstrates that an amended complaint would share its predecessor's faults.

The Court therefore **ORDERS** as follows:

(1) The Findings and Recommendations (Doc. 12) are **ADOPTED IN FULL**.

(2) The complaint is **DISMISSED** without leave to amend.

(3) The Clerk's Office is instructed to close this case and enter judgment for the defense.

IT IS SO ORDERED.

Dated: November 6, 2026

Jennifer L. Thurston

UNITED STATES DISTRICT JUDGE